RAILWAY COMPANY *v.* ROSS.

Opinion delivered May 28, 1892.

1. *Railway accident—Evidence held to establish contributory negligence.*

    In an action to recover damages for the negligent killing of plaintiff's intestate, it appeared that deceased owned a lumber shed fronting on a spur track of defendant, and that while a flat car was being sent down this track deceased called to the brakeman in charge not to let it move a box car on the track in front of the shed; that the brakeman requested him to throw something under the flat car to stop it; and that while so doing he stepped on the main track in front of the tender of the engine, which was backing up, and was killed. It appeared that deceased knew the mode of switching; and that the engineer usually rang the bell when backing the engine, but did not do so on this occasion. *Held,* that deceased was guilty of contributory negligence.

2. *Dismissal of action—Act of 1891.*

    Where the evidence shows that there could be no recovery for the killing of plaintiff's intestate on account of his contributory negligence, the cause will be dismissed, under the act of April 14, 1891, (ch. 159, sec. 2).

Appeal from Saline Circuit Court.

A. M. DUFFIE, Judge.

Action by Josephine Ross, administratrix of her husband, George Ross, deceased, against the St. Louis, Iron Mountain & Southern Railway Company. The facts are stated in the opinion.

*Dodge & Johnson* for appellant.

1. Upon the admitted facts, Ross was guilty of negligence, which was the direct and proximate cause of his death, and for which defendant cannot be held liable. 45 Ark. 248; 46 *id*. 92; 49 *id*. 259; 36 *id*. 371; 47 *id*. 477; 46 *id*. 513; 54 *id*. 434.

2. The verdict was contrary to the law as declared by the court. 48 Miss. 112; 12 Am. Rep. 356; 19 Wend. 343; 69 Pa. St. 210; 57 *id*. 339; 1 H. & W, 773; 26 L. J. (Exch.) 171; 24 A. & E. R. Cases, 430; 143 Mass. 536; 51 N. W. Rep. 254; 36 Iowa, 465, and cases *supra*.

3. The cause should be reversed and dismissed under sec. 2, Acts 1891, p. 280.

*A. D. Jones* and *Blackwood & Williams* for appellee.

1. Appellant admits the damages are not excessive, and that there is no error of law in the case. No exceptions were saved to the admissibility of testimony. The sole question then is, "Was there *any* evidence upon which to base the verdict?" We contend that there was.

2. Ross was not a volunteer nor a trespasser. 10 Q. B. (L. R.) 298; 4 L. R. Exch. 258; 6 *ib*. 123; 43 Oh. St. 224; 65 Tex. 577; 60 *id*. 180; 111 Eng. C. L. 390; Thomp. on Neg. 1045. He was on the track by license or custom. 72 Ill. 349; 31 Ill. App. 179; 65 Pa. St. 273; 66 N. Y. 249; 33 Ark. 375; 48 *id*. 493.

3. The evidence shows negligence on the part of appellant's servants. No bell was rung—no warning given—the engineer either did see Ross or could have seen him if watchful. 52 Ark. 164; 54 *id*. 215; 46 *id*. 423; 50 *id*. 482; 33 *id*. 375; 36 *id*. 46; *ib*. 376; 47 *id*. 502; 49 *id*. 263; 58 Am. Rep. 512; 54 Tex. 615; 33 Md. 542.

4. The use of flying switches is negligence *per se.* Thompson on Neg. vol. 1, pp. 423–4, 452 ; Beach, Cont. Neg. sec. 72 ; 67 N. Y. 417.

5. No warning was given. 53 Ark. 201 ; 24 Am. L. Rev. p. 591 ; 32 Minn. 212; 101 N. Y. 419.

6. Whether Ross was guilty of negligence was a question for the jury under proper instructions of the court. 56 N. Y. 32; 101 N. Y. 419; 32 Minn. 212 ; 30 *id.* 495 ; 67 N. Y. 417.

HUGHES, J. The appellee brought this action to recover of appellant damages for the killing of her husband, which, she alleged in her complaint, was caused by the negligent backing on him, by the appellant's servants, of a tender pushed by an engine on the railway of appellant at Alexander, in Saline county, in this State. The appellant denied negligence, and alleged that the plaintiff's intestate was a trespasser on its track, and was guilty of contributory negligence at the time he was struck by the tender. A jury trial resulted in a verdict of ten thousand dollars for the appellee. Appellant brought the case to this court by appeal.

No exceptions were taken on the trial to any evidence, or to any instructions given by the court, and there is no contention that the damages were excessive.

The grounds of a motion for a new trial were :

First. That the verdict was contrary to the evidence.

Second. That it was contrary to the law as declared by the court.

The facts in evidence were about as follows : George Ross, the deceased, was killed near his saw mill and lumber shed, in the incorporated town of Alexander, on the 6th day of August, 1890. The shed was built on the right of way of the appellant, and fronted about twenty feet on a spur track of the appellant on the east side, and ran back thirty or forty feet. Through the

1. Evidence held to establish contributory negligence.

center of this shed, reaching back to the saw mill, was a tramway upon which lumber was brought from the mill to the shed to be loaded on to cars on the spur track. The shed was built several years ago, by consent of the company, to facilitate the loading and shipping of lumber from the mill, from which George Ross had shipped a considerable quantity. The spur track runs south from the main track of the railroad at Alexander, and passes the shed a short distance. A flat car was cut off and sent down this spur track. At the time a box car was standing on the spur track in front of the shed. Ross, the deceased, hallooed to the brakeman on the flat car and requested him not to let the flat car move the box car standing in front of the shed. The brakeman requested Ross to throw something under the flat car to stop it, stating that there was no brake on it, and that he could not stop it. Ross picked up two scantlings, went between the spur track and the main track, threw one scantling immediately after the engine and tender passed near him going south. The flat car passed over this scantling, struck the box car on the spur, and rebounded, when Ross threw the second scantling, the end of which flew up near Ross when the wheels of the car struck it. To prevent being struck by the end of this scantling, Ross stepped back on to the main track, three or four feet in front of the tender on the main track, as the engine and tender were going backwards north; and was struck by the tender and killed, his body having been carried by the tender about forty-two feet before the car was stopped.

The evidence shows that Ross was familiar with the manner in which this switching was done; that it was the habit of the engineer in charge of the engine to ring his bell when returning, as he was at the time of the accident; that on this occasion the bell was not rung. It was also in testimony that coal was piled on the ten-

der so high that the engineer could not have seen Ross, as he returned, and there was testimony that he might have seen him.   The evidence showed that between the spur track and the main track, where Ross was standing, there was a distance of about three feet.

It is contended by the counsel for the appellee that making a flying switch is evidence of negligence *per se*. If this be conceded, there is no evidence that this caused Ross' death.   They say also that Ross was not a volunteer, that he had the right to be upon the track, and that the company was bound to exercise toward him greater care than that which is due a mere trespasser or intermeddler.   Granting this to be true, still it does not excuse Ross' failure to exercise that degree of care that a reasonably prudent man ought to have exercised under the circumstances.   The railroad employees had no reason to suppose that Ross, a fully grown man possessing a knowledge of the manner in which the switching was done there, would step on to the main track two or three feet in front of the moving tender.   The natural presumption was, considering the instinct of self preservation, that he would do no such thing.   The inevitable conclusion is that his own act in stepping back in front of the moving tender was the proximate cause of his death, which was very unfortunate and sad, as he is shown to have been a good and useful man.

For the want of testimony, therefore, to support the verdict, the judgment must be reversed.

As the evidence shows there could be no right of recovery on account of the contributory act of the deceased, the cause is dismissed, in the exercise of the court's discretion, under section two of the act of the legislature of 1891, p. 280.

*2. Practice as to dismissal of actions on appeal.*