*When nominal damages recoverable.*

---

## St. Louis, Iron Mountain & Southern Railway Company *v*. Ross.

### Opinion delivered February 1, 1896.

RAILROAD COMPANY—LIABILITY FOR EMPLOYEES' NEGLIGENCE.—A
railroad company is not liable for the failure of its employees to
discover a danger to which a person on the track is exposed by his
own negligence.

Appeal from Garland Circuit Court.

ALEXANDER M. DUFFIE, Judge.

#### STATEMENT BY THE COURT.

The facts in this case are as follows:  George Ross
was the owner of a saw mill and lumber shed.   The
shed fronted on a spur track of defendant railway
company.   On the 6th day of August, 1890, a flat car
was sent down this track.   This car was detached from
the engine, which had passed down the main track.

Ross called to the brakeman upon the flat car not to let it strike another car, which was standing in front of the shed on the same track.   The brakeman replied that his car had no brake, and told Ross to throw something under it to stop it.   Ross thereupon threw a scantling under the car.   When the wheels of the car struck the scantling, the end of it flew up, and, to avoid being hit by it, Ross stepped over upon the main track of the defendant company.  · He was there struck and killed by the tender of an engine which, in full view, was backing along the track at a speed of only three or four miles an hour.   Had Ross seen the engine at the time he stepped upon the track, he could easily have avoided the collision, but he was looking in the opposite direction, and did not see it until he was struck by the tender.   There was nothing in the evidence to show . that either the engineer or fireman in charge of the engine had any notice of the dangerous position in which Ross had placed himself, until too late to avoid the injury.

*Dodge & Johnson*, for appellant.

Upon the admitted facts in this case, George Ross was guilty of negligence which directly and proximately contributed to his death, and for which defendant cannot be held liable.   45 Ark. 248 ; 46 *id*. 92 ; 49 *id*. 259 ; 36 *id*. 371 ; 47 *id*. 477 ; 46 *id*. 513 ; 54 *id*. 434 ; 56 *id*. 271.    There is no evidence to sustain the verdict.

*A. D. Jones* and *Williams & Bradshaw*, for appellee.

The testimony. in this case presents a new and different case, and was tried upon a different theory from that of the former appeal.    56 Ark. 271.    The testimony of Worthen and Johnson bring this case clearly within the rule laid down in 46 Ark. 513.    See, also, 68 Fed. 148.    It is only *when the facts are undisputed*, and are such that reasonable men may fairly draw but *one conclusion from them*, that the question of negligence is

ever considered one of law for the court. 10 U. S. App. 439; 3 C. C. A. 433, 437, 438; 53 Fed. 65-70; 144 U. S. 408, 417; 12 Sup. Ct. 679; 139 U. S. 469; 22 Wall. 341; 39 Minn. 254; 39 N. W. 488; 30 Minn. 482; 16 N. W. 266; Whit. Smith on Neg. p. 40. If the employees of appellant saw Ross in danger, and could have saved him, and failed, then this negligence, and not the trespass of being on the track, if such it was, is the proximate cause of the injury; and in such case appellant is liable even to a trespasser, or one guilty of contributory negligence. 25 S. W. 712; 30 *id*. 367. But Ross was not a trespasser, but rightfully where he was under the circumstances. 24 S. W. 140; 118 Mo. 268; 40 N. E. 923; 28 S. W. 95; 53 Ill. App. 588; 56 Minn. 340; 90 Va. 340; 50 Fed. 186; 58 Ark. 322. Being rightfully there, he was under an overpowering necessity, in order to escape danger, to step on the track, and is not held in such case to the rule applying to deliberate acts; and he had a right to presume that those in charge of the engine would be careful, and do their duty, and give warning by bell or whistle. This was not done, and therefore Ross was not guilty of such contributory negligence as barred the right of recovery here. 68 Fed. 152; 25 S. W. 293; 26 *id*. 760; Patterson's Ry. Ac. Law, 252; 59 Mo. App. 626; 16 So. 456; 40 La. An. 1543; 105 Cal. 379; 30 N. Y. S. 724; 81 Hun, 156; 24 S. W. 140; 118 Mo. 268.

It was gross negligence to make a flying switch. Patterson, Ry. Ac. Law, 166. By this flying switch with the rickety car, appellant produced an emergency which excused Ross for jumping on the track. Wharton, Neg. sec. 304; 66 Me. 376; 35 Ind. 510; Whart. Neg. secs. 89, 93, 95 and 377 and notes. This principle was recognized in 55 Ark. 248. One may jump off a moving train to escape danger. 18 S. W. 50; 17 *id*. 946; Schouler on Bail. & Car. 652. This court recog-

nizes the duty of care in such cases as this in trainmen failing to catch signals. 58 Ark. 484. An emergency excuses apparent negligence. 53 Ark. 466. Contributory negligence was a question for the jury. 57 Ark. 429. It depends on the circumstances of the case. 56 Fed. 464.

RIDDICK, J., (after stating the facts). It was held by this court in *Railway Co.* v. *Ross*, 56 Ark. 271, under evidence substantially the same as we have here, that the deceased, Ross, was guilty of contributory negligence, and that the defendant company was not liable for his death.

After again considering the evidence, we adhere to the conclusion arrived at in that case. It is contended that the employees of the railway company discovered the dangerous position of Ross in time to have avoided the injury; that they negligently failed to do so, and that for this reason the appellant is liable, notwithstanding the contributory negligence of the deceased. The evidence tends to show that one of the brakemen noticed the danger to which Ross was exposed, and that he attempted to signal the engineer to stop the engine, but this brakeman was not upon the engine, and had no control over it, except by signals, which he tried to give. There is nothing to show that either the engineer or fireman in charge of the engine had any knowledge of the danger to which Ross was exposed until after he was struck by the engine. The engineer may have been negligent in failing to keep a lookout and to observe signals, but, as the deceased was himself guilty of negligence directly contributing to his injury by stepping upon the railway track close to a moving engine, which was in plain view, the company is not responsible for his death.

The contributory negligence of Ross is a sufficient defense against the negligence of the engineer in failing

to discover the dangerous position in which Ross had suddenly and through inattention placed himself. Had the employees of the company discovered the danger of Ross in time to have avoided the injury by the use of proper care, they should have done so; but they had no notice that Ross would thus expose himself, and the company is not liable for the failure of its employees to discover a danger to which Ross was exposed by his own negligence. *Little Rock, &c., R. Co.* v. *Pankhurst*, 36 Ark. 377; *St. Louis, &c., R. Co.* v. *Freeman, id.* 46; *Little Rock, &c., R. Co.* v. *Cavenesse*, 48 *id.* 129; *Bauer* v. *Railway Co.* 46 *id.* 399; *St. Louis, &c., R. Co.* v. *Wilkerson, id.* 522; *St. Louis, &c., R. Co.* v. *Monday*, 49 Ark. 263.

Counsel for appellee have discussed the different questions in this case in an able and admirable brief. We have given it careful attention, but we remain of the opinion that the evidence, looked at from the point of view most favorable to appellee, does not make out a case against the railway company. In our opinion the death of Ross was due, not to the fault of the employees of the railway company, but to an accident such as may at times be brought upon one by even a moment's inattention, while standing upon a railway track. We think that the circuit court should have directed a verdict for the defendant. *Catlett* v. *Railway Co.* 57 Ark. 461. As the facts in the case seem to have been fully developed, it would be of no benefit to prolong this litigation. The judgment of the circuit court is reversed, and the case dismissed.