## ST. LOUIS SOUTHWESTERN RAILWAY COMPANY
### *v.* DINGMAN.

#### Opinion delivered April 4, 1896.

CONTRIBUTORY NEGLIGENCE — WALKING ON RAILROAD TRACK. — One who is struck and injured by a railway train while walking on the track is guilty of contributory negligence where he knew it was time for the train to pass and yet failed to look or listen.

RAILROADS—FAILURE TO KEEP LOOKOUT—DEFENSE OF CONTRIBUTORY NEGLIGENCE.—Contributory negligence defeats recovery against a railroad company under the act of April 8, 1891, imposing upon railroads the duty to keep a constant lookout for persons and property upon the track. (BATTLE, J., dissenting.)

Appeal from Woodruff Circuit Court.

GRANT GREEN J., Judge.

#### STATEMENT BY THE COURT.

Dingman, a mechanic engaged for three or four years past in work at saw mills, and, at the time of the injuries complained of, residing at Meredith, a station on appellant's railroad about three miles south of Fair Oaks, had left McCrory, a station north of Fair Oaks, and reached the latter station late in the afternoon,— having walked on the railroad track,—and about 9:50 p. m. of the same day left Fair Oaks, going south on the

track toward his home, and, when about three-fourths of a mile from Fair Oaks, was struck by the pilot of one of defendant's passenger trains going south, and running at the rate of speed of about 20 miles an hour, and was thrown headlong on the right side of the track. His left arm, however, extended across the rail, and the same was run over, and severed from the body, between the shoulder and the elbow, and, in his effort to get up, his head was also struck by some part of the moving engine or cars, and severely bruised; and for this injury he sued, laying his damages at the sum of twenty thousand dollars, alleging negligence on the part of the trainmen in not keeping a proper lookout as the law requires, and that, had such lookout been kept, he would not have been injured. Verdict and judgment for $3,700, and defendant company appealed.

The proof tended to show that the night had been dark and stormy, with considerable rainfall; that when the accident occurred, about 10 p. m., the storm had somewhat abated, but flashes of lightning were still occurring at intervals, and the night foggy, so that the engineer's headlight, shown to be in good working order, did not aid the lookout from the cab, except imperfectly, and that a man standing or walking on the track ahead could not have been readily observed by the engineer and fireman more than one hundred and fifteen feet, whereas, had the night been clear, he could have been seen by them five hundred feet. The engineer and fireman both testify that they did not see plaintiff before or after the accident, and knew nothing of it until informed by the telegraph operator at Altheimer on the train's arrival there, and that they were on the constant lookout at the time.

Plaintiff testifies that he left Fair Oaks about the time the train arrived there southward bound, as he was also; that just before he was struck he looked back; and

saw the train on the Y track, but did not see the train any more until the engine was within fifteen or twenty feet of him, and on seeing it so near he just jumped up, and the pilot struck him under the feet and threw him off, as stated; that he knew it was the time for the train to pass. He further stated that no alarm or signal was given by the trainmen as it approached him; that the headlight was burning all right, and he would probably have seen it in time, but for the lightning flashes; that he was walking along between the rails in the middle of the track, when struck.

There was evidence tending to show that the plaintiff had been drinking heavily during the day, and was intoxicated at the time of the accident, and also that he had admitted the next morning to one of the witnesses that he was not walking on the track, but sitting down on the end of a cross tie, resting, when the accident occurred. The trainmen testified that they all had experience in their callings, and had been a long time engaged therein.

The court refused to give the following instructions, and others to the same effect asked by defendant: "(1) One who is injured by the negligence of another cannot recover any compensation for his injury, if he, by his own negligence and wilful wrong, contributed to produce the injury of which he complains; so that, but for his concurring and co-operating fault, the injury would not have happened to him, except where the direct cause is the omission of the other party, after becoming aware of the injured party's negligence, to use a proper degree of care to avoid the consequences of such negligence. (2) In this case, if you find from the evidence that defendant was guilty of negligence which contributed to his injury, your verdict should be for the defendant, unless you find defendant's employees were aware of the plaintiff's negligence, and then failed to use a proper

degree of care to avoid the consequences thereof. (3) If the facts and circumstances in evidence in this case show that plaintiff, at the time he was injured, was in a dangerous position, and was where a prudent man would not have stopped, and that his acts directly contributed to the injury, he will not be entitled to a verdict on account of any negligence on the part of the defendant's employees, unless the employees in charge of the train saw the danger plaintiff was in in time to have prevented the accident, and neglected to use all efforts in their power to avoid the accident. (4) If the jury believe from the evidence that the employees in charge of the train neglected to keep a proper lookout, and thereby failed to see the plaintiff; that plaintiff was walking on the track in advance of the train; that the track was open, and he could have seen the approaching train for some distance, and in time to have got out of the way of same,—then he was guilty of contributory negligence, and defendant is not liable, notwithstanding the negligence of its employees, and verdict should be for the defendant."

The court gave the following instruction for plaintiff: "(5) Although you may believe from the evidence that plaintiff was guilty of negligence in being on the track at the time of the accident, yet that does not prevent his recovering damages, if you find from the evidence that the injury would not have been sustained if the defendant's employees had kept a constant lookout."

*Sam H. West* and *J. C. Hawthorne*, for appellant.

1. The verdict is without evidence to support it. Plaintiff's conduct convicts him of gross negligence contributory to the injury, and there can be no recovery. 34 Ark. 636.

2. The 5th instruction for plaintiff is misleading, and conflicts with the 2d and 3d given by the court, and the 7th and 8th given for defendant. It assumes that

the defense of contributory negligence is abolished by sec. 6207, Sand. & H. Dig.  This court has *always* held that contributory negligence is a complete defense, and that the only limitation is where defendant, *after becoming aware of the negligence* of plaintiff, fails to exercise due care.  The act of 1891 was passed long after a definite and fixed construction had been given by the court to secs. 6196 and 6349, Sand. & H. Dig.  See 33 Ark. 816; 47 *id*. 322; 47 *id*. 502; 53 *id*. 97; 36 *id*. 41; *ib*. 371; 49 *id*. 542; note to S. C. in 6 S. W. 8; 54 *id*. 431; 56 *id*. 47; *ib*. 271.  The construction was well known to the legislature, and if there had been any intention to change, modify, or abolish contributory negligence as a defense, it would have been easy to have added the words, "notwithstanding the injured party may have been guilty of contributory negligence."

3.  The court's charge fails to give the law of contributory negligence as a defense to actions for personal injury.  46 Ark. 522; 45 *id*. 249; 8 S. W. 371; 1 Dill. 584; 41 Ark. 549; 50 *id*. 478; 52 *id*. 125; 48 *id*. 491; 42 *id*. 321; 40 *id*. 298; 24 N. W. 422; 49 Ark. 257; 44 Penn. 378; 81 Pa. St. 375; 71 Ill. 500; 46 Ark. 193; 48 *id*. 107, 460; Shear & Redf. Neg., sec. 11; 6 Or. 417; 8 Ohio St. 570; 28 La. An. 320; 73 Mo. 168; 28 Ill. 299; 71 Mo. 636; 83 Mass. 177; 26 N. W. 524.

4.  Plaintiff is not entitled to recover, from his own statement of the facts.  57 Fed. 921.  The injury was the result of deceased's own carelessness.  95 U. S. 697; 114 *id*. 615; 4 N. W. 782; 55 Fed. 949; 59 N. W. 468; 26 N. E. 741; 18 N. W. 422; 22 S. W. 939; 39 N. Y. 358; 2 N. E. 138, and note.  34 Am. & Eng. R. Cases, 30; 41 Ark. 161; 60 *id*. 381; 16 S. W. 281, etc.

*J. H. Harrod* and *J. M. Battle*, for appellee.

1.  Unless the act of 1891 is to be treated as an utter absurdity, the appellee is entitled to an affirmance.

It is clear that, if the bell had been rung or whistle blown, the approach of the train would have been known in ample time to have enabled deceased to escape the injury. *No lookout was kept*, and appellant is liable under the act.

2.    Taking the instructions together, every proposition of law involved in a fair determination of the cause was completely covered.    The defense of contributory negligence was fairly and completely covered by the court's charge.    Under the law as it now exists, *it is incumbent on the railroad to discover the plaintiff's peril.*

Contributory negligence.

BUNN, C. J., (after stating the facts).    Does the evidence make out a case against the appellant company?    At the time of the injury the appellee, Dingman, was not at a crossing, but, according to his own statement, was walking along the track at a place where he had no right to be.    He knew that it was about the hour for the passenger train of appellant to pass along the track at the place where he was walking, but he made no reasonable effort, by looking or listening, to inform himself of the approach of such train.    These circumstances clearly show that he was guilty of negligence directly contributing to his own injury.    *Martin* v. *Railway Co.*, *ante*, p. 156; *Railway Co.* v. *Cullen*, 54 Ark. 431; *Railway Co.* v. *Tippett*, 56 Ark. 459.

As Dingman was struck while upon or near the track, and as he was not seen by the employees in charge of the train, there is sufficient evidence to support the finding that they were negligent in not keeping a proper lookout.    The only question, therefore, is whether, under the act of April 8th, 1891, the appellant company is liable, notwithstanding the contributory negligence on the part of appellee.

On this point the case is controlled by the case of *St. Louis, I. M. & S. Ry Co.* v. *Leathers*, *ante*. p. 235.

In that case it was held that although the railway
company may have been negligent in failing to keep a
lookout, yet the plaintiff cannot recover if his own neg-
ligence directly contributed to the injury of which he
complains.    The ruling announced in that case we
believe to be supported by reason and the decisions of
this court.

For many years before the passage of the act of
April 8th, 1891, the courts of this state followed and
enforced a rule of law that required employees in charge
of railroad trains to keep a lookout for stock upon the
track, and also to keep a lookout at crossings to avoid
injuring travelers along the public highway.    *L. R. &
Ft. Smith Ry.* v. *Holland*, 40 Ark. 336; *Railway Co.* v.
*Cullen*, 54 Ark. 434.

Notwithstanding this rule required a lookout to be  Liability of
railroads for
kept, and made the company liable for damages occa-  failure to keep
a lookout.
sioned by a failure to keep such lookout, yet no one ever
doubted that negligence on the part of the plaintiff,
whose person or property was injured, directly contribu-
ting to the injury, would be a sufficient defense for a
failure to keep such a lookout.    The doctrine of con-
tributory negligence was frequently applied, and the
plaintiff denied a recovery for injuries occasioned by
negligence of the company when he was also guilty of
negligence contributing to his own injury.    *Railway Co.*
v. *Cullen*, 54 Ark. 434; *Railway Co.* v. *Tippett*, 56 Ark.
459; *St. Louis, I. M. & S. Ry. Co.* v. *Ross*, 61 Ark. 617.

In ordinary cases of killing stock, the rule of con-
tributory negligence rarely applies, for the reason that
it is the custom of the country to allow stock to go at
large upon "the range," and when the railway track is
not enclosed the owner is usually not guilty of negli-
gence if his stock stray upon it.    You cannot impute
negligence to a horse or an ox; but if the owner of such
an animal should carelessly drive it upon the track, or

in any other way be guilty of negligence contributing to its injury, the rule would apply. This is shown by the case of *Johnson* v. *Stewart*, *ante*, p. 164, where the question is fully discussed.

This rule requiring the employees in charge of a train to keep a lookout for stock was changed by the decision in *M. & L. R. R. Co.* v. *Kerr*, 52 Ark. 162, where it was held that they were under no duty to keep such lookout. Soon afterwards the legislature passed the act in question, requiring employees in charge of railroad trains to keep a lookout both for persons and property upon the track. The rule that, with certain exceptions, prevents a recovery by one for an injury to which his own negligence has directly contributed has been long enforced by the courts of this state, and was well known to the legislature, and if it had intended to abolish this rule by the act in question, it seems reasonable to believe that some reference would have been made to it in the act. But the act makes no reference to it, and does not purport to abolish the rule of contributory negligence in such cases. It simply requires the employees in charge of trains to keep a lookout, and provides that the railroad company shall be liable for all damages resulting from the failure to keep such lookout. It does not say that the contributory negligence of the plaintiff shall be no defense in such cases, or that the company shall be liable for accidents which would not have happened but for the carelessness of the plaintiff acting as a proximate contributing cause. In such cases the injury is caused, not by the negligence of the defendant only, but by concurring negligence of both plaintiff and defendant. "The law has no scales to determine, in such cases, whose wrongdoing weighed most in the compound that occasioned the mischief," and the plaintiff cannot recover. *Railroad Co.* v. *Norton*, 24 Pa. St. 469; Whittaker's Smith, Neg. 377, note.

The decision in *Memphis & L. R. Railway* v. *Kerr*, 52 Ark. 162, called the attention of the legislature to the fact that the law did not require the employees in charge of trains to keep a lookout for persons or property upon the track, and the legislature, by the act of April 8, 1891, remedied this defect by requiring a lookout to be kept. The act made an important and beneficial change in the law, for, before the passage of this act, if stock, or children too young to know their danger, got upon the track at a place away from a town or public crossing of a railway, and were injured by trains, the company could not be held liable, unless it was shown that the employees in charge of the train saw the children or stock in time to have avoided the injury. But now the company is liable if, by proper care and watchfulness, it could have discovered and avoided the danger. And so in other cases the company would be liable, under this act, for damages occasioned by a failure to keep a lookout, but we see nothing in the act to justify us in holding that a plaintiff may recover for injuries occasioned by his own carelessness. An adult who sits or stands upon a railroad track, where he has no right to be, and carelessly allows a train to strike him, is in the same condition now as he would have been before the passage of the act. If the company is negligent, he also is negligent, and he cannot recover unless he can show that the employees in charge of the train, after discovering his danger, failed to use ordinary care in avoiding it. We conclude that the rule of contributory negligence was not affected by the act in question, and that, under the facts of this case, the plaintiff cannot recover, and that the learned judge erred in instructing the jury. The judgment is reversed, and the cause remanded.

Battle J. dissents, for reasons stated in *St. L. I. M. & S. Railway Co.* v. *Leathers*, *ante*, p. 235.