CHOCTAW, OKLAHOMA & GULF RAILROAD COMPANY *v.* STALLINGS.

Opinion delivered October 18, 1902.

MASTER AND SERVANT—PERSONAL INJURY—CONTRIBUTORY NEGLIGENCE.—
Where a railway employee was injured in a collision while riding
in an exposed open car of his own volition when he would not have
been injured if he had stayed in the caboose furnished for that
purpose, he was guilty of contributory negligence, and cannot
recover.

Appeal from Prairie Circuit Court, Southern District.

GEORGE M. CHAPLINE, Judge.

STATEMENT BY THE COURT.

J. S. Stallings was on the 23d of May, 1900, in the employ
of the Choctaw, Oklahoma & Gulf Railroad Company as one of a
crew of hands working under foreman John Eddy, and engaged
in loading and unloading cars attached to a construction train
on said road.   On that day they unloaded cars with dirt and rock
at Hickory spur on said road, to be unloaded at Fourche La Fave
river for use on the road at that place.   The train, when loaded,
consisted of an engine and water tank, a caboose, three cars loaded
with dirt and three loaded with rock.   The train, made up in the
order named, was run backwards to Fourche La Fave river.   This
placed the cars loaded with stone in front and the engine in the
rear.   The caboose was between the engine and the cars, and was
placed there for the men to ride on, if they wished to do so, but
they were permitted to ride on the cars if they preferred to do so.
On this occasion some of the men rode in the caboose and some
on the cars in front.   Stallings rode with those on the front car
loaded with stone.   The road along which the train was passing
ran near some steep bluffs, from which rocks at times fell or rolled
upon the track.   Stallings and others on the train were aware of
this danger.   The train on the day named struck one of these
rocks which had rolled upon the track.   Neither the train nor any
of the cars left the track, but the jar caused by striking the rock
threw Stallings from the car to the ground, where he fell on some
rocks, with the result that he was severely bruised, and he brought

this action against the company to recover damages.   On the trial there was a verdict in favor of the plaintiff for five hundred dollars, for which sum the court gave judgment.   The company appealed.   The other facts sufficiently appear in the opinion.

*J. W. McLoud* and *E. B. Peirce,* for appellants.

There is no proof of negligence on the part of the appellant. 179 U. S. 658; 67 Ark. 7; Thomp. Neg. 1053; Wood, Master and Servant, § 382; Shearman & Redf. Neg. § 99; Pierce, Rds. 377; 44 Ark. 529; 21 Am. & Eng. R. Cases, 423; 48 Ark. 106; 18 Am. & Eng. R. Cases, 633.   The accident was a risk which plaintiff assumed.   56 Ark. 237; 48 Kan. 654; 152 Ind. 392; 104 Fed. 276; 48 Ark. 333; 53 Ark. 128; 97 Mich. 265; 134 Ind. 625; 138 Ind. 496; 14 Am. & Eng. R. Cas. (N. S.), 704; 92 Fed. 119; 23 Pac. 1108; 56 Ark. 207; 41 Ark. 542; 20 Pac. 711; Bailey, Master's Liability, 180.   Plaintiff was guilty of contributory negligence. 95 U. S. 439; 41 Ark. 542; 18 Fed. 229; 152 U. S. 77.   Counsel's construction of fourteenth instruction was error.   69 Fed. 529; 65 Ark. 625.   Appellee's instructions were too meager.   59 Ark. 103.

*J. H. Harrod* and *James A. Gray,* for appellee.

The appeal is for delay, and appellee is entitled to 10 per cent. damages.   Sand. & H. Dig., § 1062.

RIDDICK, J., (after stating the facts).   This is an action to recover damages for an injury which the plaintiff alleges was caused by the negligence of the defendant in failing to keep its track clear of rocks.   The defendant denied the allegation of negligence, and as a further defense set up that the defendant was guilty of contributory negligence.   The questions presented by the pleadings were then, first, whether the company was guilty of negligence in the matter of not keeping its track clear of rocks, and, if that was established, then, second, whether the plaintiff was also guilty of negligence contributing to his own injury?

There was no question of assumption of risks presented by the pleadings, but both parties seem to have treated that question as also raised, and at the request of the defendant the presiding judge told the jury that if the track at the place of the injury had been from the time of its construction in the same condition it was in when the accident happened, and if the plaintiff knew this fact, and made no objection, he must be held to have assumed

the risk, and could not recover.  Now, it seems to us that this instruction was a little confusing.  The accident was caused by the train striking a rock.    There is no evidence to show how long it had been there, but neither the defendant nor any of the train crew knew of its presence there until a moment before the collision occurred.  As trains were passing several times a day, it is evident that the condition of the track at that point had not been the same for any great length of time before the accident.    Counsel for the defendant who drew the instruction probably referred to the condition of the bluffs adjacent to the track and from which the rock had probably rolled, for, applying it literally to the track, it was meaningless, and amounted to nothing, except to confuse the jury, because, as before stated, there was no evidence to show that rocks had been on the track at that point before; certainly, none that they had been there ever since the road was built.  When the case came before the jury for argument, one of the counsel for the plaintiff construed the instruction literally, and, over the objection of the defendant, was permitted to tell the jury that it applied only in case it was shown that plaintiff had knowledge that before the accident a rock had been on the track at the exact point where the accident occurred.  As there was no proof that plaintiff had such knowledge, the action of the court in approving this argument, in effect, nullified the instruction, was, in effect, a withdrawal of it, and must be considered in that light. While we think that it would have been better for the court to have done this directly by refusing it or by telling the jury that it was withdrawn, still, taken literally, we see no evidence upon which to base this instruction, and are not able to say that its withdrawal was erroneous or prejudicial to the rights of the defendant.  The evidence in this case may have been such as justified an instruction on the doctrine of assumed risks, but there was no ground for such instruction on the theory that there had been no change in the condition of the track at the place where the accident happened, for it was caused by an obstruction on the track which had been there only a short time.

Coming to the other points presented, we are not quite sure that there was sufficient evidence to show that defendant was guilty of negligence, for it is not shown where this rock came from, further than that it probably rolled from the bluffs upon the track, or how long it had been on the track at the time of the accident.  It

was, of course, the duty of the company to use due diligence in keeping a safe track, and if by the use of such diligence it could have known before the accident that the rock was on the track, or that it was liable to fall upon it, it should have taken steps to avoid the danger. But we have not considered that question very closely, for the reason that it seems to us that, conceding that the company was negligent, yet the evidence, as set out in the transcript, also shows that the defendant was guilty of contributory negligence. The facts which lead us to this conclusion are not disputed, and can be briefly stated.

Stallings, as before stated, was employed to load rock on cars at Hickory spur and to unload them at Fourche La Fave river. While thus engaged, he had to ride to and fro between these points on the construction train that carried the rocks. There was a caboose in the train placed there for the employees to ride in, and where Stallings could have ridden had he so desired. He did not ride there, but, of his own volition, rode on the front car loaded with rocks, which was pushed in front of the train, and which was shown to be a more dangerous place in which to ride than in the caboose. The collision of the train with the rock did not derail the car, but the jolt was sufficient to throw Stallings from the car upon which he rode, though there were others on the same car who were not thrown off or injured. No one in the caboose was injured, and, if Stallings had been there, he would not have been injured. It does not appear that there was any reason why Stallings should ride on the front car in preference to the caboose. So far as the evidence shows, he had no connection with the operation of the train, and was under no necessity of riding on the rock car in front, but rode there of his own volition. If the company was guilty of negligence in allowing the rock to be on the track, yet that negligence exposed no one to injury except those riding on the rock car, a more hazardous place in which to ride than in the caboose. As the evidence shows that Stallings rode there of his own volition, and was by that reason injured, he was at least partly to blame for his injury. In other words, the injury of which he complains was caused in part by his own negligence. It has often been said that "in such cases the law has no scales to determine whose wrongdoing weighed most in the compound that occasioned the mischief." *Railroad* v. *Norton,* 24 Pa. St. 469; *St. Louis S. W. R. Co.* v. *Dingman,* 62 Ark. 245.

It follows that, under the facts as we find them in the record, the judgment for the plaintiff cannot be sustained. Several other questions were raised in the argument of counsel as to the correctness of instructions given and refused, but the conclusion to which we have come on the facts makes it unnecessary to discuss them.

Judgment reversed, and cause remanded for new trial.