ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY

*v.* TAYLOR.

Opinion delivered October 30. 1897.

RAILWAY ACCIDENT—CONTRIBUTORY NEGLIGENCE.—It is error to instruct the jury that a railway company is responsible for injuries received by a person while walking upon its track, notwithstanding his contributory negligence, if its employees might have become aware of such negligence had they kept a proper lookout. (Following *St. Louis, I. M. & S. Ry. Co.* v. *Leathers*, 62 Ark. 235.) (Page 367.)

CASE STATED.—Plaintiff went upon the defendant's main track to avoid cars approaching on the side-track, and walked down the main track until he was hit by a backing train. He knew that the train was in motion on the main track, but failed to look to see if it was advancing upon him. *Held*, that he was guilty of contributory negligence. (Page 367.)

Appeal from White Circuit Court.

H. N. HUTTON, Judge.

### STATEMENT BY THE COURT.

Between 8 and 9 o'clock a. m., on the 17th day of August, 1894, appellee, who was 62 years of age, while attempting to cross the tracks of appellant at Bald Knob, was run over by one of its freight cars and badly injured. Appellee says he turned aside from the public road crossing, his regular route home, because same was blocked, and remained blocked for half an hour. The blocking of the public crossing often occurred, and they were in the habit of not cutting the cars at all unless made to do it. After he saw that the crossing was blocked, he started across the tracks the most direct route home. (There were several tracks: The main line, then No. 1, the passing track, 9 1-2 feet distant from the main line, then No. 2, No. 3, and a short track called the "rip track.") When asked to state the circumstances, he said: "When I got on the track, what you might call the main line, there were two engines on the track; there was one coming down, going north, backing down. My attention was called to it. It was passing me on the left, and I was getting out of the way of that one, and there was another one come backing down south, and it was the one that struck me. I was getting out of the way of the one going north. There was one backing each way at the same time. I was struck on the main track some one hundred and twenty or thirty steps from the depot house; might be further. Could not tell exactly how long I had been on the main line before I was struck; not a great while. I think, after I got on it, I moved some thirty or forty steps toward the depot. I didn't hear the train until it was right on me. It struck me about the time I turned. I made a lunge to get off, and it struck me. The reason I could not hear it was because of the noise of the other train on the side track which passed right close to me, and was making a right smart

of noise by the escaping steam and rolling on the track. There was no warning given me at all. If there had been any one on top of the car at the proper place, he could have seen me if he had looked. I think on the hind car would be the proper place. There was nobody on top of the car that ran over me. I looked to see. I got on the main track north of the Y. I did not cross the Y, because the cars were on it. I think probably some of it was not blocked. They were at work there, and I could not cross it. I crossed north of the Y, below the cars that were on the Y. There were an engine, tender, and some cars north of me when I crossed the passing track next the main track. When I first noticed them, they were going north. I crossed south of those cars. The train on the passing track that I stepped across the track to get out of the way of was going north at the time. I crossed the passing track north of this train. I don't recollect how many tracks I crossed. It was down there where there were several side tracks. After passing over the track upon which the train was moving, I didn't get very far until I was run over. I turned south, and kept on the track which runs northeast and southwest. Did not turn around any more until I was hit. Walked some thirty or forty steps on the track. I didn't notice these trains until I started home, when I noticed that they were in motion. The car that struck me was a box car, and it threw me out to the left between the two tracks." Appellee, in the course of his examination, further said: He walked down the track thirty or forty yards; was trying to get across, wandering from one track to the other, trying to get out of the way of the trains. When asked why he didn't get between the tracks, said: "I got out of the way of one by getting on to the other." Said he did not look to see whether the train was coming. The train he was getting out of the way of did not make more noise than an engine usually makes. Appellee sued the railroad for damages, alleging that his injuries were caused by its negligence. The defense was a denial of negligence, and charged appellee with contributory negligence. This appeal is from a judgment for $5,000.

*Dodge & Johnson,* for appellants:

The testimony of the plaintiff himself, uncontroverted, shows such contributory negligence as bars recovery. 34 S. W.

(Ark.) 545; 45 Ark. 431; 56 Ark. 459;   62 Ark. 164;   48 Ark. 125; 98 U. S. 439; 46 Ark. 388; 46 Ark. 535; 33 S. W. 1071.   The court erred in modifying the sixth instruction asked by appellant, and giving same as modified.   62 Ark. 164. The court erred in modifying, and giving as modified, the seventh and ninth instructions asked by appellants.   The court erred in modifying, and giving as modified, the tenth instruction asked by appellants.   56 Ark. 459; 34 S. W. 545; 54 Ark. 431. The court erred in modifying, and  giving  as  modified,  the eleventh instruction asked by appellants.   42 Ark. 321;  62 Ark. 235.

WOOD, J., (after stating the facts.)   1.   Appellant requested several instructions properly defining contributory negligence, and its effect upon appellee's right to recover.   It sought, in substance, to have the jury charged that if appellee failed to exercise that care which the law requires of one before going upon or crossing over a railway track where there are moving trains, and this negligence contributed directly and proxi- mately to his injury, he could not recover, unless appellant had knowledge of appellee's perilous position in time to have avoided injuring him by the use of ordinary care, and failed to exercise such care.   The court modified them so as to make appellant liable notwithstanding any contributory negligence of the appel- lee, provided appellant's employees might have become aware of such negligence had they kept the proper lookout.   The modification is in conflict with the rule announced in *St. Louis, I. M. & S. R. Co.* v. *Leathers,* 62 Ark. 235, and *Johnson* v. *Stewart,* 62 *id.* 164.   See also *St. Louis S. W. Ry. Co.* v. *Dingman,* 62 *id.* 245.

2.   The court below was asked upon the pleadings and the proof to instruct the jury to return a verdict for the defendant, and it is insisted here that this should have been done.   We have not set out the evidence on behalf of appellant tending to relieve it from the charge of negligence, because we would not disturb the finding of the jury as to that.   We feel impelled to say, however, that the testimony of the appellee which shows negligence on the part of the company also shows negligence on his own part contributing directly to his injury.   It is difficult, in principle, to differentiate this case from *Martin* v.

*Little Rock & F. S. R. Co.*, 62 Ark. 156, where we held that the trial court properly directed a verdict for the defendant upon the facts. The facts here are so nearly similar as to call for the application of the same rule. See, also, *St. Louis, I. M. & S. R. Co. v. Martin*, 61 Ark. 549; *Railway Co. v. Ross*, 56 Ark. 271; *St. Louis S. W. Ry. Co. v. Dingman*, 62 Ark. 245.

Because, forsooth, a railway company unnecessarily blocks a public crossing, causing delay and inconvenience to travelers, is no reason for exempting these travelers, when they attempt to cross elsewhere, from those duties of precaution which the law enjoins before going into these dangerous places. The appellee knew that cars were in motion upon these tracks before he undertook to cross them. He had noticed cars moving on the tracks north of him, and saw cars backing up towards him from the south. In order to avoid these on the passing track, he crossed over to the main line, and followed down that thirty or forty yards, without even looking round to see if there were any cars coming from the north. Instead of walking in between these two tracks, a clear space of six feet, he walked down the main line until he was hit. There is no escaping the conclusion that a man of ordinary prudence, under the circumstances surrounding appellee, either would not have gone upon these tracks in the first instance, or, having done so, would have looked both up and down the tracks for appproaching trains before walking a distance of thirty or forty yards directly upon one of the tracks. The conduct of appellee, viewed most favorably for him, is incompatible with that care which should be expected of prudent men generally under like circumstances. 3 Rapalje & Mack's Ry. Dig., § 198, and authorities cited. If it could be said that appellee, after going upon the tracks, amid the noise and confusion of passing trains, found himself suddenly bereft of the power to exercise his senses for his protection, he could not be held any the less culpable for having voluntarily and unnecessarily placed himself in that situation. The only reasonable conclusion to be drawn from the evidence of appellee is that he was guilty of negligence which contributed directly to the injury of which he complains. We have not been furnished with a brief for appellee, but it does not appear

from the instructions given at his request, nor from the proof, that he sought in the court below to hold the company responsible for willful negligence.

For the errors mentioned, the judgment is reversed, and the cause is dismissed.