## OKLAHOMA CITY RY. CO. v. BARKETT.

No. 1137.   Opinion Filed September 26, 1911.

(118 Pac. 350.)

**NEGLIGENCE—Contributory Negligence—Last Clear Chance.** In an action for damages on account of the alleged negligent act of defendant, it is error for the court to charge the jury that the plaintiff may recover notwithstanding his contributory negligence, if the defendant failed to exercise reasonable care to avoid the injury after it discovered, or by the exercise of reasonable care might have discovered, that an accident was imminent.

(Syllabus by Ames, C.)

*Error from District Court, Oklahoma County; George W. Clark, Judge.*

Action by Saida Barkett against the Oklahoma City Railway Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*Shartel, Keaton & Wells,* for plaintiff in error.

*Wm. L. McCann* and *S. A. Byers,* for defendant in error.

Opinion by AMES, C.   The question involved in this case is whether or not there was error in giving the following instruction: ·

"The duty of the plaintiff to use ordinary and reasonable care in crossing a railroad track is the same in degree and kind as the duty of the defendant to use ordinary and reasonable care in the operation of its cars, and even though the defendant failed

to use such care, and the accident would have happened had such care been used by it, still the plaintiff cannot recover if she herself failed to use ordinary and reasonable care, and but for her failure, the accident would not have happened, unless it further appears from the evidence that, notwithstanding such negligence on the part of the plaintiff, the defendant failed to exercise reasonable care to avoid the injury after it discovered, or by the exercise of reasonable care might have discovered, that an accident was imminent. Excepted to by defendant, and defendant moves to modify this instruction by striking out the words 'or by the exercise of reasonable care might have discovered' and excepts to the refusal of the court to so modify the instruction."

The particular error alleged by the plaintiff in error is in inserting the words, "or by the exercise of reasonable care might have discovered."

The plaintiff and the defendant both had a right to use the streets of the city. Therefore at the time of the accident they were in the exercise of equal rights. It was likewise the duty of both to exercise reasonable care to avoid collision, but it was not the duty of the defendant to exercise a higher degree of care than the plaintiff, nor was it the duty of the plaintiff to exercise a higher degree of care than the defendant. It was the duty of each, acting in his own place and under the circumstances surrounding him, to exercise that degree of care to avoid the accident which a reasonably prudent person would have exercised under the circumstances. If the defendant's negligence is the proximate cause of an injury, he is liable for damages. If the plaintiff's negligence and the defendant's negligence are equal, it cannot be said that the defendant's negligence is the proximate cause, and therefore the plaintiff is not entitled to recover. If, therefore, the plaintiff and the defendant, with equal negligence, approach each other on the highway, and injury results from the collision, there can be no recovery, because it cannot be said that the negligence of either one is the proximate cause of the injury to the other. It is manifestly true that, if neither one sees the other at all, both are equally negligent, because both are guilty of the same breach of duty to look. If, however, one sees the other, it is, of course, his duty to act with reasonable care after

thus seeing the other to avoid the injury, and he cannot insist upon the other's negligence as a protection to him, if he, after discovering the other's situation, does not exercise reasonable care to prevent the accident. The principles involved are settled by the cases of *A., T. & S. F. Ry. Co. v. Baker,* 21 Okla. 51, 56, 95 Pac. 433, 434, 16 L. R. A. (N. S.) 825, and *Clark v. St. L. & S. F. R. Co.,* 24 Okla. 764, 774, 108 Pac. 361, 365. In the Baker case, after pointing out that the evidence showed that the engineer discovered the peril of the plaintiff, and that there was a conflict in the testimony as to whether, after discovering it, he used reasonable care, the court said:

"This being so, it was proper to submit to the jury the question as to whether the plaintiff in error, after discovering the dangerous situation of the defendant in error, exercised reasonable care and prudence to avoid the injury."

In the Clark case it is said:

"In the case at bar there was no evidence tending to prove that the engineer in charge of defendant's engine discovered the peril of the plaintiff until the accident occurred. The mere fact that the engineer may have seen the plaintiff approaching the track in a covered wagon would not necessarily put him on his guard as to the peril of the plaintiff. The engineer has the right to presume that a person thus approaching the track has not omitted the ordinary precautions imposed upon him by law, and will stop in time to avoid the injury. But, when the engineer sees the plaintiff approaching the track apparently unconscious of his danger or unable to extricate himself therefrom, the humanitarian doctrine requires the engineer to exercise reasonable care and prudence to avoid injuring him. In other words, he may not, without incurring civil liability, deliberately run down and kill or seriously injure a person so situated, although it may have been shown that his negligence contributed to the injury. This rule of last clear chance is recognized by the courts, as an exception to the general rule that the contributory negligence of the person injured will bar a recovery, without reference to the degree of negligence on his part, and under this exception to the rule it may now be stated to be well established that the injured person, or his representative, may recover damages for an injury resulting from the negligence of the defendant, although the negligence of the injured person exposed him to the dangers of

the injury sustained, if the injury was more immediately caused by the want of care on the defendant's part to avoid the injury after discovering the peril of the injured person."

This rule is amply supported by the authorities from other jurisdictions. *Chunn v. City & S. Ry.,* 207 U. S. 302, 28 Sup. Ct. 63, 52 L. Ed. 219; *Kirtly v. C. M. & St. P.* (C. C.) 65 Fed. 386; *St. L. & S. F. R. Co. v. Summers,* 173 Fed. 358, 97 C. C. A. 328; *G., C. & S. F. v. Bolton,* 2 Ind. T. 463, 51 S. W. 1085; *Highland Ave. & B. R. Co. v. Sampson,* 91 Ala. 560, 8 South. 778; *L. & N. R. Co. v. Richards,* 100 Ala. 365, 13 South. 944; *Little Rock R. Co. v. Cavanesse,* 48 Ark. 106, 2 S. W. 505; *St. L., I. M. & S. v. Taylor,* 64 Ark. 364, 42 S. W. 831; *Penn. Co. v. Sinclair,* 62 Ind. 301, 30 Am. Rep. 185; *Dyerson v. U. P. R. Co.,* 74 Kan. 528, 87 Pac. 680, 7 L. R. A. (N. S.) 132, and note; *Judson v. Railroad Co.,* 63 Minn. 248, 65 N. W. 477; *Fonda v. St. Paul Ry. Co.,* 71 Minn. 438, 74 N. W. 166, 7 Am. St. Rep. 341; *Zimmerman v. Railroad Co.,* 71 Mo. 477; *U. P. R. Co. v. Mertes,* 35 Neb. 204, 52 N. W. 1099; *San Antonio Traction Co. v. Kelleher,* 48 Tex. Civ. App. 421, 107 S. W. 64; 3 Elliott on Railroads (2d Ed.) sec. 1175. The English rule is the same. Pollock on Torts (Webb's Ed.) pp. 575-580; 1 Beven on Negligence, pp. 149-155.

In view of the error in giving this instruction, the case should be reversed, and remanded to the trial court, with instructions to grant a new trial.

By the Court: It is so ordered.

All the Justices concur.