## ST. LOUIS & S. F. R. CO. v. KRAL.

No. 1109.    Opinion Filed March 12, 1912.

(122 Pac. 177.)

1.    RAILROADS—Accident at Crossing—Instruction. Evidence examined, and held sufficient to take the cause to jury on the question of proximate cause.

2.    NEGLIGENCE—Contributory Negligence—Last Clear Chance. In an action for damages on account of the alleged negligent act of defendant, it is error for the court to charge the jury that the plaintiff may recover notwithstanding his contributory negligence, if the defendant failed to exercise reasonable care to avoid the injury after it discovered, or by the exercise of reasonable care might have discovered, that an accident was imminent.

(Syllabus by the Court.)

*Error from District Court, Noble County;*
*W. M. Bowles, Judge.*

Action by Wencel Kral against the St. Louis & San Francisco Railroad Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*W. F. Evans, E. T. Miller,* and *R. A. Kleinschmidt,* for plaintiff in error.

*L. B. Robinson,* for defendant in error.

TURNER, C. J.  This is a suit in damages ror personal injuries.  It involves the doctrine of the last clear chance.  There was judgment for plaintiff, and the company brings the case here. At the point where the injury occurred the section line road, along which plaintiff was traveling, and the railroad of the company converge at an angle of about 45 degrees.  The distance on a line from the edge of the company's right of way to the center of its track is 50 feet, but following the meanderings of the dirt road, after it enters upon said right of way, the distance is 90 feet.  On the day of the injury plaintiff was driving westward on this road, but, owing to an intervening orchard and locust grove on his right, failed to see the approaching train on the company's road, as it sped southward, until after he had driven his team upon the right of way and to within a short distance of the crossing.  At that time, discovering its approach, he whipped up and sought to cross ahead of the train, when a rear wheel of his wagon was caught by the pilot, and he was thrown out and injured.  His suit is upon the theory that he is entitled to recover upon proper application of the doctrine of the last clear chance. At the close of the testimony, the company requested the court to instruct peremptorily for defendant, which was refused, and this is its first assignment of error.  In support of this contention, it is urged "that there was no proof offered by plaintiff to show that after his position of peril was discovered the train could have been stopped by defendant in the exercise of ordinary care and the injury thereby averted."  In other words, that there was no evidence reasonably tending to prove that the negligence of the company was the proximate cause of the injury.

At the time plaintiff was first seen by the engineer if he knew or ought to have known that the plaintiff would be upon the crossing when the train reached it, and could have avoided the collision, his failure so to do was the proximate cause of the injury, and plaintiff is entitled to recover, otherwise not.  And if, in applying this rule to the evidence, reasonable men might differ, the question is one of fact for the jury.  The evidence on this point discloses that from the crossing the track was

straight to the northeast for half a mile, and lay on an embankment from eight to twelve feet high, and that the road led up to the crossing on a gradual incline; that, after coming on to the right of way, the view in the direction of the train was practically unobstructed, and that the same could have been seen for half a mile by plaintiff when within twenty feet of the track and that the injury occurred about nine o'clock on a clear day; that, when first seen by the fireman, plaintiff was 40 or 50 feet from the crossing, whipping up and driving in that direction. There is conflict in the testimony as to how far away the engine was at that time. The fireman says 480 feet from the crossing, or three poles distant; that he immediately called to the engineer, who applied the emergency break at a distance of two poles from the crossing. The poles are 200 feet apart. The train consisted of four cars and an engine, of a total length of 270 feet, and was running about 25 miles per hour when the brake was applied. Although both fireman and engineer testify that the brake was immediately applied, at an estimated distance of between 400 and 320 feet from the crossing, some of the passengers on the train testified positively that they first felt the grip of the brake as they were passing over the crossing. While one of the brakemen on the train at the time testified that it could have been stopped in 190 feet, the engineer says he made the stop in 440, with the rear end of the train just about at the crossing; while the conductor testified that the rear was 180 feet past the crossing and the engine 450 and that the stop was made in 900 feet. This was sufficient to take the case to the jury. But the case must be reversed.

Defendant excepted to the following instruction:

"It is the duty of the driver of a team and wagon when approaching a railway crossing to make use of his senses of sight and hearing, and to look and listen for an approaching train, and if such person fails to exercise such ordinary and reasonable precautions, and goes upon the track in front of a train, and is injured, when by the exercise of such precautions he could have avoided the danger and remained in a place of safety, he is guilty of contributory negligence, and cannot recover damages for any injuries that he may sustain under such circumstances,

unless the persons in charge of the train, after having discovered the negligence of the plaintiff, or by the exercise of ordinary care and caution they could have discovered such contributory negligence, thereafter failed to exercise due and proper care and diligence to avoid the injury to the plaintiff, and by the exercise of such care and diligence, in the use of the appliances and equipment of the train, such accident would have been avoided."

The particular part of the instruction of which the company complains reads:

"Or by the exercise of ordinary care and caution they could have discovered such contributory negligence."

This was the precise objection to an instruction given in *Oklahoma City Ry. Co. v. Barkett,* 30 Okla. 28, 118 Pac. 350. There in the syllabus we said:

"In an action for damages on account of the alleged negligent act of defendant, it is error for the court to charge the jury that the plaintiff may recover notwithstanding his contributory negligence, if the defendant failed to exercise reasonable care to avoid the injury after it is discovered, or by the exercise of reasonable care might have discovered that an accident was imminent."

The cause is reversed and remanded for a new trial.

HAYES and KANE, JJ., concur; WILLIAMS and DUNN, JJ., absent, and not participating.