KINNEY v. ST. LOUIS & S. F. R. CO.

No. 2676.   Opinion Filed May 27, 1913.

Rehearing Denied July 8, 1913.

(133 Pac. 180.)

NEGLIGENCE—Contributory   Negligence—Refusal   of   Instructions.
In an action for damages on account of an alleged negligent
act of the defendant, it is not error for the court to refuse to
charge the jury that the plaintiff may recover, notwithstanding
his contributory negligence, if the defendant, by the use of
ordinary care, ought to have known that plaintiff was about
to put himself into the dangerous position wherein he was
injured.

(Syllabus by the Court.)

*Error from District Court. Bryan County;
James R. Armstrong, Judge.*

Action by P. B. Kinney against the St. Louis & San
Francisco Railroad Company.   Judgment for defendant, and
plaintiff brings error.   Affirmed.

*J. M. Crook,* for plaintiff in error.
*W. F. Evans, R. A. Kleinschmidt,* and *Fred E. Suits,* for
defendant in error.

DUNN, J.   This case presents error from the district
court of Bryan county.   There is but one question presented,
which arises on the plaintiff's assignment of error, the basis
for which was the refusal of the court to give the following in-
struction:

"You are instructed that if you believe from the evi-
dence that going under the tie in question was a negligent
act of the plaintiff, as the term 'negligence' is herein defined,
but that before plaintiff did go under the tie he cautioned
defendant's servant and advised him that he was going under
the tie, that defendant's servant then and there knew that
plaintiff was going under the tie, *or by the use of ordinary*

*care ought to have known that plaintiff was going under said* *tie,* in the condition and position that said tie was then in, and that at the time plaintiff was under the tie the defendant's servant carelessly and negligently moved said tie, and caused said tie to fall upon plaintiff and injure him, and but for this negligence, if negligence it was, in so moving said tie, the plaintiff would not have been injured, then you will find for the plaintiff." (Italics ours.)

This question was passed upon by this court, in the case of *Oklahoma City Ry. Co. v. Barkett,* 30 Okla. 28, 118 Pac. 350, where in the syllabus it is said:

"In an action for damages on account of the alleged negligent act of defendant, it is error for the court to charge the jury that the plaintiff may recover, notwithstanding his contributory negligence, if the defendant failed to exercise reasonable care to avoid the injury after it discovered, or by the exercise of reasonable care might have discovered that an accident was imminent."

The cases cited and relied upon by plaintiff are noted and discussed in that case, and it will be unnecessary to repeat what is there said. See, also, *St. Louis & S. F. R. Co. v. Kral,* 31 Okla. 624, 122 Pac. 177, and cases therein cited.

The judgment of the trial court is therefore affirmed.

All the Justices concur.