Missouri Pacific Railroad Company *v.* Coca Cola
Bottling Company.

Opinion delivered June 26, 1922.

1.  Railroads—negligence at crossing—questions for jury.—In an action for damages to a truck struck by a train at a crossing, where the testimony was conflicting as to whether the statutory signals were given and a lookout kept, the issue was for the jury.

2.  Railroads—discovered peril—question for jury.—Whether a truck, struck by a train at a crossing, was in a perilous position when discovered, whether there was any negligence after such peril was discovered, and whether the driver was oblivious to the approach of the train when seen driving the truck, *held* for the jury.

3.  Negligence—what law governs.—The rights and liabilities of parties to an action for injuries at a railroad crossing in Oklahoma are governed by the law of that State.

4.  Railroads—discovered peril.—Where a traveler at a crossing was guilty of contributory negligence in Oklahoma, the railroad company was not liable unless, after actually discovering his peril, it failed to use ordinary care to avert the injury, and an instruction which made the company's liability to depend on whether the trainmen discovered, or ought by the exercise of ordinary care to have discovered, the peril of the traveler, was erroneous.

5.  Trial—instruction—general objection.—Error in giving an instruction on discovered peril in conformity to the laws of this State, instead of in conformity to the laws of Oklahoma where the injury occurred, was not waived by failure to make a specific objection on the ground that the laws of Oklahoma govern, where the place of injury and the application of the laws of that State were obvious and undisputed facts.

Appeal from Sebastian Circuit Court, Fort Smith District; *John Brizzolara,* Judge; reversed.

*Thos. B. Pryor* and *Vincent M. Miles,* for appellant.

The court erred in submitting the issue of discovered peril to the jury.  48 Okla. 553; 33 Cyc. 1049; 24 Okla. 764; 198 Pac. 97; 24 Okla. 764; 108 Pac. 361.  The court erred in modifying defendant's requested instructions on the question of contributory negligence.  62 Ark. 164; 62 Ark. 235; 48 Ark. 124; 94 Ark. 524; 77 Ark. 401.

*Daily & Woods,* for appellee.

Smith, J.   A truck belonging to appellee, the plaintiff below, was struck and completely demolished by a passenger train of the defendant at a public crossing. The complaint charges the defendant was negligent in that the train was operating at a dangerous rate of speed; that the defendant failed to keep a proper lookout for travelers at the crossing; that the defendant failed to give the statutory signals; and failed to stop the train after discovering the peril in which plaintiff's truck was placed.

The testimony is conflicting as to whether the statutory signals were given as the train approached the crossing; and this conflict in the testimony makes a question for the jury on that issue.

It is earnestly insisted that the undisputed evidence shows that a proper lookout was kept and does not show any negligence after the peril in which the truck was placed was discovered. We think, however, the testimony does present these issues.

The testimony shows that for a mile or more a much traveled road, known as the Albert Pike Highway, paralleled the railroad tracks, and that at the crossing where the collision occurred the road turns at a right angle across the railroad track. The train approached this crossing at a speed of about forty-five miles per hour, and there was a whistling post a quarter of a mile back from the crossing. The engineer testified that he could not see the truck from his side of the cab, but that, as the train came to within about three hundred feet of the crossing, he received warning from the fireman that they were about to strike a truck, and that he immediately blew three short blasts of the whistle and applied the emergency brake, but that the velocity and momentum of the train made it impossible for him to stop the train before striking the truck. The fireman testified that he observed the truck at the whistling-post, which, as has been stated, is a quarter of a mile from the cross-

ing, and that he immediately communicated that fact to the engineer as soon as he saw that the driver of the truck was attempting to cross the track in front of the train. The testimony of the driver of the truck was that the train did not whistle until it was within a rail and a half of the crossing, and the testimony shows that the train only struck the front wheels of the truck.

From this testimony the jury might have found that the fireman did not warn the engineer promptly, or that the engineer did not promptly heed the warning, and that, had he done so, he might have averted the collision either by blowing the whistle or stopping the train.

Exceptions were saved to the action of the court in submitting the question of discovered peril, upon the ground that the testimony, viewed in its light most favorable to the plaintiff, would not support a finding of liability on that issue. But we do not agree with counsel in this contention. The jury might have found, under the testimony of the fireman, that the driver of the truck was in a perilous position when the fireman first observed him, and, the driver was oblivious of the approach of the train, and was in the act of driving upon the track when the fireman first saw him.

It appears that the issues stated were submitted to the jury over the objections of the defendant under instructions declaring the law of this State applicable thereto. But the collision occurred in the State of Oklahoma, and the law of that State, of course, governs as to the rights and liabilities of the parties.

The instructions asked by the defendant, dealing with the contributory negligence of the driver, left out of account the question of discovered peril; and defendant insists that issue should not have been submitted, for the reason that the testimony did not warrant it. But, as we have said, the jury might have found that the truck was in a perilous position when the fireman first observed it, and that there was negligence thereafter on the part of the fireman in warning the engineer or on the

part of the engineer in not acting upon the warning. The question of discovered peril should therefore have been submitted to the jury; but it should have been done in instructions conforming to the laws of the State of Oklahoma, where the collision occurred. The court, however, amended the instructions asked by defendant by adding the words, ''unless defendant's servants discovered, or, by the exercise of ordinary care should have discovered, plaintiff's driver in a perilous position in time to have avoided the injury.'' This modification appears to have been made by the court on its own motion, without suggestion from the plaintiff.

It appears that the law of Oklahoma on the subject of discovered peril is the same as was the law of this State prior to the passage of act 284 of the acts of 1911 (Acts 1911, p. 275; sec. 8568, C. & M. Digest). Prior to this statute railroads were not liable for injuries of this character where the traveler was guilty of negligence contributing to the injury, unless, after discovering the peril of the traveler, the railroad might have averted the injury by the use of ordinary care. *Barry v. K. C., Ft. S. & M. R. R. Co.,* 77 Ark. 401, and cases there cited. The act of 1911 imposed liability, not only in those instances where the peril was actually discovered, but in those instances also where, if a proper lookout had been kept, ''the employee or employees in charge of such train of such company could have discovered the peril of the person injured in time to have prevented the injury by the exercise of reasonable care after the discovery of such peril.'' The amendment to the instructions made by the court set out above conformed to our amended lookout statute; but, in doing this, a liability was imposed on the defendant which does not exist under the laws of the State of Oklahoma. *St. L. I. M. & S. R. Co.* v. *Gibson,* 48 Okla. 553; *Clark* v. *St. L. S. F. R. Co.,* 24 Okla. 764; *Thrasher* v. *St. L. & S. F. R. Co.,* 206 Pac. 212.

It is said defendant waived the error by failing to make a specific objection at the trial that the laws of Oklahoma, and not the laws of this State, governed. The modification of the instructions was objected to, although it does not appear that the specific objection was made that the laws of Oklahoma governed. But this was one of the obvious and undisputed facts in the case. The complaint alleged that the truck was being operated over and along a traveled public highway in Sequoyah County, Oklahoma, and all the witnesses testified that the accident occurred near Hansen, Oklahoma.

Appellee cites *Fourche R. V. & I. T. Ry. Co.* v. *Tippett,* 101 Ark. 376, as authority for insisting that the absence of a specific objection that the accident had occurred in Oklahoma, and that the laws of that State, therefore, applied, is a waiver of the error in the instructions. In that case, as in numerous others in which we have held that specific objections were required, we have said that the reason of the rule requiring specific objections in certain cases is to prevent the party making the objection from being allowed the benefit of a "masked battery" and to prevent the court from committing some inadvertence which obviously would have been remedied had attention been called thereto. But the modified instructions in this case are not of that character. The place of the injury and the laws of the State where it occurred applicable thereto was one of the obvious undisputed facts in the trial, and we think the modification was sufficiently objected to.

For the error indicated the judgment is reversed, and the cause remanded for a new trial.